### EZEKIEL *vs.* MICKLE, County Auditor.

*Fourth Judicial District Court, May,* 1857.

#### REDUCTION OF SALARY.

The Legislature have the power to reduce the fixed salary of a public office before the term of the incumbent expires.

This was an application for a *mandamus* to compel Mr. Mickle to audit and allow the claim of plaintiff on the County Treasury for $150, salary for the month of April last as Secretary of the Fire Department. The affidavit of Mr. Ezekiel sets out: That he is the Secretary of the Fire Department of the City and County of San Francisco, and, as such, is *ex officio* Fire Warden. That he was elected to said office on the 24th day of November, 1856, for the term of one year. That the salary allowed by law is $1800 per annum. That affiant presented a monthly demand for the month of April, 1857, to Etting Mickle, Auditor of the County, for his salary for said month, but the said Auditor refused and still refuses to audit and allow said demand.

The answer of the Auditor states that the Secretary of the Board of Delegates of the Fire Department is entitled by law to receive a salary of $1500 per annum, and no more; and the Auditor is ready

to audit and allow the monthly demand of said Secretary for the monthly proportion of said salary, whenever he shall thereto be requested according to law.

*McDougal & Sharp*, for plaintiff.

*F. P. Tracy*, County Attorney, for defendant.

HAGER, J.—It appeared, on the argument, that the Legislature, in 1855, created the office of Secretary of the Fire Department, who was to be *ex officio* Fire Warden, and attached to it the salary of $1800 per annum. The Act of March 25, 1857, concerning the Fire Department, recognizes this office, and does not change the compensation before allowed. But the Act passed April 18, 1857, amendatory to the Consolidation Act, allows a salary of $1500 per annum to the Secretary of the Board of Delegates, who is required to perform the duties of Clerk of the Chief Engineer, and also to discharge the functions of Fire Warden. The same Act prohibits the payment of any other salaries except as provided for therein.

The question arising is, whether the present incumbent, Jacob Ezekiel, who was elected to the office for one year from the 24th day of November, 1856, is entitled to receive the salary at the rate of $1800 for the whole term, or whether from the passage of the Act reducing the salary, he is only entitled to the salary of $1500.

The act having changed the salary of the office without making any special mention of this incumbent, or reserving his right to the prior salary, and prohibiting any other salary to be paid, necessarily operates as a reduction in his salary, and the Legislature who created the office have a right to abolish the same at their pleasure before the term of office to which he was elected should have expired; also to increase or diminish the salary of the office at their pleasure.

Let the following order be entered: That said Etting Mickle do audit and allow said monthly demands of said Ezekiel, Secretary as aforesaid, on account of his salary, at the rate of $1800 per annum, up to the 18th day of April, 1857, and at the rate of $1500 per annum after that date.